UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2011 JUN 6 P 1: 19
DISTRICT COURT

| | |
|---|---|
| STEPHEN DZURKA<br>    Plaintiff | JURY TRIAL DEMANDED |
| V. | Civil Action No. |
| LAW OFFICES OF HOWARD LEE SCHIFF, P.C.<br>    Defendant | June 6, 2011 |

## VERIFIED COMPLAINT

### INTRODUCTION

1. Stephen Dzurka is an elderly disabled man living in Senior Housing, whose sole source of income is Social Security benefits and a small VA pension. After months of harassment by the defendant in violation of federal law for a debt he does not owe, Mr. Dzurka brings this action for damages, costs, and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et. seq., and Connecticut common law.

### JURISDICTION AND VENUE

2. This court has jurisdiction under 15 U.S.C. 1692k(d), 28 U.S.C. 1337, and 28 U.S.C. 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### PARTIES

3. Stephen Dzurka is a senior citizen who resides in Fairfield, Connecticut

4. Mr. Dzurka is a consumer within the meaning of the FDCPA.

5. Defendant Law Offices of Howard Lee Schiff, P.C. ("HLS") is a law firm engaged in the practice of consumer debt collection.

1

## **FACTUAL ALLEGATIONS**

6. On December 21, 2010, Mr. Dzurka received a letter from HLS stating that they, representing Midland Funding, were attempting to collect a $5,263 credit card debt that they claimed he owed.

7. This debt was a result of illegal actions of Mr. Dzurka's former wife who five years earlier had used his credit card without his permission. Mr. Dzurka did not have the money to pay it off.

8. Mr. Dzurak is a sixty eight year old veteran who has chronic liver disease resulting in a liver transplant, progressively worsening diabetes, and osteoarthritis.

9. Mr. Dzurka lives in Senior Housing and his only income is Social Security and a small VA pension. He has no other assets.

10. In January 2011, Mr. Dzurka told Viola Guglielmi, the Resident Coordinator at Sullivan-McKenney Elder Housing where he lives, that he was getting harassed by constant phone calls from HLS.

11. Each time Mr. Dzurka told the caller not to call but the calls did not stop.

12. Viola Guglielmi states that Mr. Dzurka was "frantic, angry, frustrated" and he told her that "he could not take it any more."

13. On three separate occasions Viola Guglielmi called and spoke to a representative of HLS.

14. During the first conversation on January 17, 2011 Viola Guglielmi told the HLS representative that Mr. Dzurka was seriously ill and could not pay the debt and told him not to call again.

15. After this Mr. Dzurka continued to get calls from HLS.

16. Viola Guglielmi called HLS a second time on February 9, 2011 and told the representative that Mr. Dzurka was very ill and was very upset by the calls and again told them to stop.

17. Mr. Dzurka was in the room when the call was made and also spoke to the representative telling them to stop calling him.

18. The HLS representative told Viola Guglielmi that they would continue to pursue the debt and call Mr. Dzurka.

19. Mr. Dzurka continued to get calls from HLS.

20. Viola Guglielmi called HLS a third time on February 14, 2011 and again told the representative that Mr. Dzuraka was very ill and could not pay and told her to stop calling.

21. Mr. Dzurka was in the room during this call and also spoke to the representative telling her to stop calling.

22. The HLS representative told Viola Guglielmi that it did not matter that Mr. Dzurka

3

was sick and could not pay and they would continue to call him.

23. Viola Guglielmi stated that Mr. Dzurka was very upset and agitated by these calls.

24. On February 24, 2011, after agreeing to represent Mr. Dzuraka, Connecticut Legal Services ("CLS") sent a letter to HLS stating that Mr. Dzurka was judgment proof, refused to pay the debt, and not to contact him again.

25. After this, in violation of the Fair Debt Collection Practices Act ("FDCPA"), Mr. Dzurka received calls from HLS on February 26 and March 5, 2011.

26. On March 7, 2011 CLS sent HLS a second letter notifying them of the calls, that they were violations of the FDCPA, and demanding that they desist from further efforts to contact Mr. Dzurka.

27. Despite this letter, Mr. Dzurka continued, and continues, to receive calls from HLS weekly in violation of the FDCPA.

28. On a number of occasions Mr. Dzurka's caller id showed the name "Asset Assistance" yet the message left on his voice mail was from HLS.

29. These calls interfere with Mr. Dzurka's sleep and continue to embarrass and upset him.

30. In addition to these calls, Mr. Dzurka recently received a debt collection letter from HLS dated May 5, 2011 in further violation of the FDCPA.

## COUNT ONE (FDCPA Violatons)

31. Plaintiff repeats and realleges and incorporates by reference paragraphs one through thirty above.

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) The Defendant violated 15 U.S.C. § 1692c(c) by contacting Mr. Dzurka after he had requested the Defendant cease communication with him.

   (b) The Defendant violated 15 U.S.C. § 1692c(c)(a)(2) by contacting Mr. Dzurka after the Defendant knew Mr. Dzurka was represented by an attorney.

   (c) The Defendant violated 15 U.S.C. § 1692d by willfully and maliciously engaging in conduct the natural consequence of which was to harass Mr. Dzurka such as continuing to constantly contact Plaintiff long after Defendant knew Mr. Dzurka was seriously ill, could not pay the debt, and was extremely upset by such contact.

   (d) The Defendant violated 15 U.S.C. § 1692e(14) by using a name other than the true name of the collector's business when it caused another name other than HLS to appear on Mr. Dzurka's caller id.

   (e) The Defendant violated 15 U.S.C. § 1692f by attempting to deceive Mr. Dzurka into answering the debt collector's call when it caused false information to be displayed on Mr. Dzuraka's caller id.

33. As a result of the above violations of the FDCPA, Mr. Dzurka has suffered severe

emotional distress, embarrassment, stress, anxiety, and fear.

## COUNT TWO (Negligent Infliction of Emotional Distress)

34-64. Paragraphs 1 – 30 are incorporated by reference as if fully restated herein.

65. HLS's conduct created an unreasonable risk of causing Mr. Dzurka forseeable emotional distress severe enough that it might result in illness and bodily harm.

## COUNT THREE (Intentional Infliction of Emotional Distress)

66-75. Paragraphs 1 – 30 are incorporated by reference as if fully restated herein.

76. HLS engaged in extreme and outrageous conduct that it knew or should have known would likely cause Mr. Dzurka emotional distress.

## CLAIMS FOR RELIEF

WHEREFORE PLAINTIFF CLAIMS:

1. An order from the court that HLS cease contacting Mr. Dzurka;

2. Damages;

3. Statutory damages, pursuant to 15 U.S.C. § 1692k;

4. Costs and attorneys fees, pursuant to 15 U.S.C. §1692k;

5. Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Stephen Dzurka demands trial by jury in this action.

Stephen Dzurka, being duly sworn, under oath, states that he is the Plaintiff herein; that he has read the foregoing complaint and knows the contents thereof; that the same is true to the best of his knowledge.

*[signature]*
Stephen Dzurka

Sworn and subscribed this 2nd day of June 2011.

*[signature]*
Mark R. Moore
Commissioner of Superior Court

Respectfully submitted,
PLAINTIFF STEPHEN DZURKA

By: *[signature]*
Mark R. Moore
Fed. Bar No. ct28639
Connecticut Legal Services
211 State Street
Bridgeport, CT 06604
(203) 336-3851 ex. 4124
mmoore@connlegalservices.org

Ben Solnit
Fed. Bar No. CT-00292
Connecticut Legal Services
85 Central Avenue
Waterbury, CT 06702
203-756-8074 ex. 4611
bsolnit@connlegalservices.org

Attorneys for Plaintiff